

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

VLADISLAV NAZAROV

Plaintiff

---

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

PORT AUTHORITY POLICE DEPARTMENT,

JOHN DOE PORT AUTHORITY OFFICERS 1-10,

CITY OF NEW YORK,

NYPD/ QUEENS CENTRAL BOOKING,

JOHN DOE NYPD/ CENTRAL BOOKING OFFICERS 1-10

Defendants

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**Complaint for Violation of Civil Rights**
(Non-Prisoner Complaint)

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial:    ☑ Yes    ☐ No
*(check one)*



CV 25 - 7106

RECEIVED
DEC 29 2025
PRO SE OFFICE

MERCHANT, J.

MARUTOLLO, M.J.

---

NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

REC'D IN PRO SE OFFICE
DEC 29 '25 AM 11:45

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Vladislav Nazarov |
| Street Address | 401 37th St S, Apt. 8 |
| City and County | Brigantine, Atlantic County |
| State and Zip Code | New Jersey, 08203 |
| Telephone Number | 718-304-6420 |
| E-mail Address | vladinazarov@gmail.com |

Please see attached page for Additional Witness/ Impacted Family Member

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Port Authority of New York and New Jersey |
| Job or Title (if known) | Public Agency/ Employer of Port Authority Police Department |
| Street Address | 4 World Trade Center, 150 Greenwitch Street |
| City and County | New York, New York (Manhattan) |
| State and Zip Code | New York, 10007 |
| Telephone Number | 212-435-7000 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | Port Authority Police Department (PAPD) |
| Job or Title (if known) | Law Enforcement Agency |
| Street Address | Port Authority Police Department - JFK Command Building 269 |
| City and County | Jamaica, Queens |
| State and Zip Code | New York, 11430 |
| Telephone Number | General Line 718-244-4333 |
| E-mail Address (if known) | |

Defendant No. 3

| | |
|---|---|
| Name | John Doe Port Authority Officers 1-10 |
| Job or Title (if known) | Police Officers, Port Authority Police Department (PAPD) |
| Street Address | Port Authority Police Department - JFK Command Building 269 |
| City and County | Jamaica, Queens |
| State and Zip Code | New York, 11430 |
| Telephone Number | General Line 718-244-4333 |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | City of New York |
| Job or Title (if known) | Municipal Government/ Employer of NYPD and Queens Central Booking |
| Street Address | 100 Church Street |
| City and County | New York, New York |
| State and Zip Code | New York, 10007 |
| Telephone Number | 212-639-9675 |
| E-mail Address (if known) | |

**Please see attached page for additional defendants:**

Defendant No. 5

Name                    NYPD - Queens Central Booking

Job or Title            Law Enforcement Agency/ Booking Division
(if known)

Street Address          125-01 Queens Boulevard

City and County         Key Gardens, Queens

State and Zip Code      New York, 11415

Telephone Number        718-298-0792

E-mail Address
(if known)


Defendant No. 6

Name                    John Doe NYPD/ Queens Central Booking Officers

Job or Title            Police Officers/ Booking Officers
(if known)

Street Address          125-01 Queens Boulevard

City and County         Key Gardens, Queens

State and Zip Code      New York, 11415

Telephone Number        718-298-0792

E-mail Address
(if known)

II.    **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☑    State or local officials (a § 1983 claim)

☐    Federal officials (a *Bivens* claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violations of rights secured by the United States Constitution. Specifically, the Plaintiff alleges that state and local officials violated his rights under the **Fourth Amendment** to be free from unreasonable seizures, false arrest, and excessive force; the **Fourteenth Amendment** right to due process of law, including protection from arbitrary detention and inhumane conditions of confinement; and the **Fourteenth Amendment** right to adequate medical care and freedom from deliberate indifference to serious medical needs while detained.

The Plaintiff further alleges violations of his constitutional right to liberty, dignity, and bodily integrity arising from prolonged unlawful detention, denial of basic humane conditions, and reckless disregard for his documented spinal and neurological conditions.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

The Plaintiff is **not** asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*. No federal officials are named as defendants in this action, and all claims arise from the conduct of state and local officials acting under color of state law.

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of

federal law. Attach additional pages if needed.

At all relevant times, each defendant acted under color of state or local law within the meaning of 42 U.S.C. § 1983.

The Port Authority of New York and New Jersey and the Port Authority Police Department are public entities created by interstate compact and statute, empowered to enforce state and local laws at John F. Kennedy International Airport. The John Doe Port Authority Police Officers were on duty, in uniform, and performing official law enforcement functions when they stopped the Plaintiff's vehicle, arrested him, restrained him, ordered his vehicle to be towed, and deprived him of his liberty. Their authority to act derived solely from state law and their official positions as sworn officers.

The City of New York, NYPD, and Queens Central Booking are municipal entities responsible for operating detention and booking facilities and for the conduct, training, supervision, and policies governing their officers. The John Doe NYPD and Queens Central Booking Officers were acting within the scope of their employment when they processed, confined, and detained the Plaintiff. They exercised governmental power by controlling the Plaintiff's movement, housing conditions, access to medical care, and basic necessities during his confinement.

Each individual defendant's actions were made possible only because of the authority granted to them by state and municipal law. Their conduct occurred while performing official duties, using state-issued authority, and invoking the power of the State of New York and its political subdivisions. Accordingly, all defendants acted under color of state or local law for purposes of § 1983.

**III.    Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

The events occurred at John F Kennedy International Airport (JFK) in Queens

B.    What date and approximate time did the events giving rise to your claim(s) occur?

The events occurred on October 9-10, 2024, beginning in the evening of October 9 and continuing for approximately 24 hours until October 10, 2024.

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

*Claim One — False Arrest and Unlawful Detention*

On October 9, 2024, the Plaintiff, his wife, and his mother-in-law were driving to JFK Airport to drop his mother-in-law off for her international flight home to Bulgaria. The vehicle displayed a valid temporary tag, issued by a licensed used car dealer in the State of New Jersey that had been checked and cleared twice by the U.S. Border Patrol only days earlier during travel to and from Canada. The Vehicle is and was at the time fully insured and paid for.  At JFK, unidentified John Doe Port Authority Police Officers stopped the vehicle without justification, acted aggressively, and refused to review documentation showing the temporary tag was legitimate. The officers claimed they "ran" the vehicle tag and it showed them it belongs to a different vehicle. No proof of that claim has ever been presented to the Plaintiff. Without probable cause, officers arrested the Plaintiff, handcuffed him, and ordered his vehicle to be towed. Officers refused to allow the Plaintiff to say goodbye to his mother-in-law before her flight. The Plaintiff's wife was left stranded at JFK Airport with no purse, no wallet, no ID, no money, and no transportation.

*Claim Two — Excessive Force & Inhumane Conditions of Confinement*

The Plaintiff suffers from four severely herniated spinal discs from a prior accident, a condition easily observable and medically significant. Despite the Plaintiff's medical condition, Port Authority officers forcibly arrested him and ignored all requests for accommodation. The Plaintiff was transported to Queens Central Booking, where John Doe NYPD/Booking Officers housed him in an overcrowded, unsanitary, and unsafe holding cell. There was no available place to sit or rest. The Plaintiff was forced

to stand for nearly 24 consecutive hours, causing extreme pain, swelling, and exacerbation of his spinal injuries. Officers stated that medical attention will only prolong the Plaintiff's stay in Central Booking. The Plaintiff stated that he had no pain medicine available, yet, such has not been provided. The Plaintiff was confined among individuals facing serious criminal charges, causing fear, distress, and humiliation.

### Claim Three — Emotional Distress to Family Members

The Plaintiff's mother-in-law, who suffers from chronic illnesses including Crohn's disease, witnessed the arrest and experienced extreme emotional distress before her 12-hour flight. The Plaintiff's wife was left alone in New York City with no identification or resources and spent the night in fear, relying only on sporadic jail calls. The incident occurred on the Plaintiff's wedding anniversary, causing additional emotional trauma to both spouses. The Plaintiff and his wife suffered marital strain and ongoing emotional difficulties.

### Claim Four — Negligence and Failure to Render Assistance

Officers at JFK and Queens Central Booking failed to provide any assistance to the Plaintiff's wife, despite knowing she was stranded in an unfamiliar city, almost 200 miles away from home. Officers ignored the Plaintiff's serious medical needs and forced him to endure physically damaging and degrading confinement conditions. No reasonable officer would consider such treatment appropriate for a person not convicted of any crime.

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

The Plaintiff suffered significant physical, emotional, and financial injuries as a result of the Defendants' actions. The physical injuries include severe aggravation of four pre-existing herniated spinal discs, increased inflammation, prolonged pain, impaired mobility, and extended recovery time caused by being forced to stand for nearly twenty-four hours without rest while in custody. The Plaintiff also suffered sleep deprivation, dizziness, and physical exhaustion during and after his detention.

The Plaintiff experienced extreme emotional distress, humiliation, fear, and psychological trauma during the arrest and while confined in unsanitary and dangerous conditions among individuals charged with violent crimes. His wife experienced severe emotional distress, fear, and anxiety after being left stranded at JFK Airport without identification, money, transportation, or a safe place to stay, and while receiving sporadic jail calls from her husband late into the night. The Plaintiff's mother-in-law—who suffers from chronic medical conditions including Crohn's disease—witnessed the arrest and endured significant emotional distress immediately before her twelve-hour international flight.

The family incurred substantial financial losses, including the cost of emergency overnight accommodations, meals, transportation from New York back to New Jersey, additional travel to retrieve the towed vehicle, booking-related expenses, and loss of income caused by the Plaintiff's forced absence from work. The incident caused marital strain and long-term emotional and psychological harm to the entire household.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

The Plaintiff requests:

1. Compensatory damages for physical pain, emotional distress, and financial loss.
2. Special damages for lodging, transportation, towing, food, and all out-of-pocket expenses.
3. Damages for emotional distress suffered by his wife and mother-in-law.
4. Damages for marital strain and loss of consortium.
5. Punitive damages against individual officers.
6. Attorney's fees and costs if counsel is later retained.
7. Any further relief the Court deems just and proper.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12 - 15 , 2025

Signature of Plaintiff _____

Printed Name of Plaintiff Vladislav Nazarov

SUBMITTED  12 - 29 - 25

V. N